UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DOLLAR PHONE CORP., et al.,

                        Plaintiffs,        **OPINION AND ORDER**

    - v -

                                              CV-09-1640 (DLI)(VVP)

ST. PAUL FIRE AND MARINE INSURANCE
COMPANY,

                        Defendant.
----------------------------------------------------------------x

       The plaintiff has moved for reconsideration of this court's decision denying leave to amend to plead a class action. Motions for reconsideration, which are governed in general by Rule 6.3 of the Local Rules for the United States Courts for the Southern and Eastern Districts of New York, *see, e.g., Zinnamon v. Bank of New York*, Dkt. No. 06-CV-1805, 2006 WL 1652662, at *1 (E.D.N.Y. June 8, 2006), usually are granted only when the moving party offers controlling decisions or facts that the court had originally overlooked and that might reasonably be expected to alter the court's original decision. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd Cir.1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y.1990). "A movant may not, however, 'advance new facts, issues or arguments not previously presented to the Court,' or 'reargue those issues already considered.' " *Hayles v. Advanced Travel Management Corp.*, No. 01 Civ. 10017 (BSJ), 2004 WL 117597 at *1 (S.D.N.Y. Jan. 26, 2004) (quoting *Gjoni v. Home Depot Inc.*, 99 Civ. 1849, 2002 WL 91623, *1 (S.D.N.Y. Jan. 23, 2002)). Courts have adopted this strict standard to prevent litigants from making repetitive arguments on issues that already have been considered by the court or from offering new arguments on a motion

the court has already decided. *Id*. These limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters. *Zoll v. Jordache Enterprises Inc.*, No. 01 Civ. 1339, 2003 WL 1964054, at *2 (S.D.N.Y. April 24, 2003), *quoting Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y.1988).

With one exception, the plaintiff points to no controlling decision or fact that the court overlooked in making its original decision denying the motion to amend. Rather, in response to the numerous fatal defects in the plaintiff's proposed amended complaint identified by the court, the plaintiff has offered to modify the proposed amended complaint to eliminate two of the three proposed classes and to redefine the remaining class. Arguments based on a revised proposed complaint clearly fall outside of the scope of a motion for reconsideration since they raise entirely new arguments and address an entirely different set of issues. The court thus rejects the plaintiff's motion to the extent that it is based on a proposed complaint that was not before the court when the decision was reached.

The one exception pointed out by the plaintiff is the fact that their proposed amended complaint seeks not only monetary relief, but declaratory and injunctive relief as well and therefore may qualify for class action certification under Rule 23(b)(2) which the court did not specifically address. The court nevertheless has substantial doubt whether certification under that subsection would be appropriate given the numerous different jurisdictions with consumer protection and insurance laws that would have to

be considered to determine whether the defendant "has acted or refused to act on grounds that apply generally to the class." Fed. R. Civ. P. 23(b)(2). The court finds it equally unlikely that, in view of the numerous consumer protection and insurance laws applicable to the classes pleaded in the proposed amended complaint, "final injunctive relief or corresponding declaratory relief [would be] appropriate respecting the class as a whole." *Id*. These substantial concerns about the futility of the proposed amended complaint even if considered solely under Rule 23(b)(2), coupled with the inordinate delay that would occur as a result of the transformation of this action into a class action at this late stage long after the deadline for amendment has expired, *see Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-41 (2d Cir. 2000), leads the court to conclude that denial of the motion to amend was proper.

The motion for reconsideration is thus granted in part, and upon reconsideration the motion to amend is denied.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
June 17, 2010