UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
DOLLAR PHONE CORP. and DOLLAR PHONE :
SERVICES, INC., :
 :
                               Plaintiffs, : **SUMMARY ORDER**
 :
                              -against- : 09-CV-1640 (DLI)(VVP)
 :
ST. PAUL FIRE and MARINE INSURANCE :
COMPANY, :
 :
                              Defendants. :
-------------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

       Plaintiffs Dollar Phone Corp. and Dollar Phone Services, Inc. bring this motion, pursuant to Fed. R. Civ. P. 72(a), to set aside or modify the decision of Magistrate Judge Viktor V. Pohorelsky, dated December 23, 2009 ("First Order"), denying Plaintiffs' motion to amend the complaint to include claims on behalf of three different classes of claimants arising under the laws of several states, and the decision, dated June 17, 2010 ("Second Order"), denying their motion for reconsideration.[1] For the following reasons, Plaintiffs' motion is denied.

       The proper standard of review to apply to objections to a magistrate's order denying leave to amend is not clearly settled in this Circuit. *See Snoussi v. Bivona*, 2010 WL 3924683, at *2 n.4 (E.D.N.Y. Sept. 29, 2010); *Credit Suisse First Boston LLC v. Coeur D'Alene Mines Corp.*, 2005 WL 323714, at *3 (S.D.N.Y. Feb. 10, 2005). Although the Second Circuit has not expressly held whether motions to amend the complaint are dispositive or nondispositive for purposes of Rule 72 of the Federal Rules of Civil Procedure, the court has suggested that such motions are nondispositive and therefore district courts should apply Rule 72(a)'s "clearly erroneous" or "contrary to law" standard to a magistrate judge's decision denying leave to

---

[1] Familiarity with Judge Pohorelsky's Orders, as well as the procedural history and relevant facts of this case is assumed.

1

amend, rather than apply a *de novo* review. *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("As a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge without the parties' consent."); *Kilcullen v. N.Y. State Dep't of Transp.*, 55 Fed. Appx. 583, 584 (2d Cir. 2003). Moreover, "[t]he weight of opinion appears to favor treating such rulings as nondispositive, requiring a clearly erroneous standard of review." *Hodge v. Perilli*, 2010 WL 3932368, at *3 (S.D.N.Y. Sept. 30, 2010) (internal quotation marks and citation omitted); *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 WL 3467756, at *4 (S.D.N.Y. Oct. 28, 2009) (collecting cases); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 341 (S.D.N.Y. 2009); *Lyondell-Citgo Refining, L.P. v. Petroleos de Venezuela, S.A.*, 2005 WL 883485, at *3 (S.D.N.Y. Apr. 14, 2005); *Credit Suisse First Boston LLC v. Couer D'Alene Mines Corp.*, 2005 WL 323714, at *3 (S.D.N.Y. Feb. 10, 2005). Accordingly, this court is of the view that a magistrate judge's decision on a motion to amend is nondispositive, and that clear error review under Rule 72(a) is appropriate.

The Supreme Court has held that a finding is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United Gypsum Co.*, 333 U.S. 364, 395 (1948)). Indeed, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949)). Pursuant to this highly deferential standard of review, a magistrate judge is "afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 90 (S.D.N.Y. 2002). Thus, a party seeking to overturn or modify a discovery order bears a heavy burden.

In their original motion, Plaintiffs sought to amend the complaint to assert claims on behalf of three different classes of claimants arising under the laws of New York and several other states that have enacted consumer protection and insurance laws similar to those already at issue in this case. The classes were made up of insureds that have had claims "unjustly" denied or delayed.

A motion to amend the complaint is properly denied where amendment would be futile. *See Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006). Here, common questions would not predominate over the individualized inquires, thereby making a class action inappropriate. As the magistrate judge noted, Plaintiffs' proposed class would require a detailed review to determine whether the denials or delays were the result of the failures described in the complaint or other, independent causes. Moreover, the proposed class would require a factually specific evaluation of each insured's claim to determine whether it was denied or delayed "unjustly." (*See* First Order at 5-6.) Furthermore, Plaintiffs define the class to include claims brought under the laws of several different states, which would require a determination of how each state's laws have been interpreted and whether those laws have been violated.

Plaintiffs appear to concede that their originally proposed amendment is futile because, in their objections, they argue only that the amendment they proposed in their motion for reconsideration should be allowed. In sum, the magistrate judge did not err in determining that Plaintiffs' original proposed class action claim would be futile. *See, e.g.*, *Luedke v. Delta Air Lines, Inc.*, 1993 WL 313577, at *8 (S.D.N.Y. Aug. 10, 1993) ("[B]ecause common questions do not predominate over individualized inquiries, Plaintiffs' motion for leave to amend the class action complaint is denied as futile.").

After the magistrate judge denied the motion for leave to amend the complaint, Plaintiffs apparently acknowledged that their proposed classes were insufficient, and sought to further amend the complaint to comply with the magistrate judge's decision. However, rather than file a second motion for leave to amend the complaint, Plaintiffs choose to file a motion for reconsideration, arguing that they would revise the class definition and limit it to all of "[defendant's] insured in New York." (Docket Entry 23, at 3.)

"Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue. *EEOC v. Fed. Express Corp.*, 268 F.Supp.2d 192, 199 (E.D.N.Y.2003) ("Under Local Rule 6.3, a party may not advance new facts, issues or arguments not previously presented to the Court." (internal quotation marks omitted)). "This standard applies in full force to a motion for reconsideration of a denial of leave to replead." *In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.*, 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008); *see also Abdell v. City of N.Y.*, 2008 WL 2540813, at *1 (S.D.N.Y. June 25, 2008).

To the extent that Plaintiffs continued to put forth the same arguments asserted in their original motion, the magistrate judge correctly noted that there was no basis for reconsideration.[2] With regard to the newly proposed amended class that Plaintiffs put forth in the motion for reconsideration, the magistrate judge correctly noted that the revised class definition was not

---

[2] The magistrate judge also addressed Plaintiffs' argument that they were seeking a class action pursuant to Rule 23(b)(2), which was not addressed in the original motion. The magistrate judge correctly noted that the laws of numerous different jurisdictions that would have to be addressed would make a class pursuant to Rule 23(b)(2) inappropriate.

4

before the court in Plaintiffs' original motion, and thus was not properly the subject of a motion for reconsideration.  *See, e.g.*, *Abdell v. City of N.Y.*, 2008 WL 2540813, at *1 (S.D.N.Y. June 25, 2008) ("To the extent that the plaintiffs' motion for reconsideration attempts to offer a new argument in support of amendment, that argument is foreclosed by Rule 6.3.").  Plaintiffs have not provided any excuse for their failure to put forth the new class definition in their original motion to amend.  Moreover, Plaintiffs' recognition, after their original motion was denied, that their class definition was not sufficiently tailored is not a basis for reconsideration.  Therefore, the magistrate judge properly denied Plaintiffs' motion for reconsideration.

In sum, the magistrate judge did not err when he denied Plaintiffs' motions to amend and for reconsideration.

## CONCLUSION

For all of the reasons set forth above, Plaintiffs' motion to amend the complaint is denied.

SO ORDERED.

Dated: Brooklyn, New York
March 4, 2011

/s/
DORA L. IRIZARRY
United States District Judge