```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
DOLLAR PHONE CORP., et al.,                   :
                                              :        SUMMARY ORDER ADOPTING
                            Plaintiffs,       :        REPORT AND RECOMMENDATION
                                              :            09-CV-1640 (DLI)(VVP)
           -against-                          :
                                              :
ST. PAUL FIRE and MARINE INSURANCE            :
COMPANY,                                      :
                                              :
                            Defendant.        :
---------------------------------------------------------- x
```

**DORA L. IRIZARRY, U.S. District Judge:**

      Dollar Phone Corporation and Dollar Phone Services, Inc. (collectively "Dollar Phone" or "plaintiffs") filed the instant action against St. Paul Fire and Marine Insurance Company ("St. Paul"), with whom Dollar Phone holds a general commercial liability insurance policy. Dollar Phone asserted various claims against St. Paul arising out of St. Paul's decision to deny coverage and defense of Dollar Phone in an action filed against Dollar Phone in the U.S. District Court for the District of New Jersey by a competitor ("the New Jersey action"). St. Paul moved for summary judgment on each of the claims in the complaint, contending that, under the policy, St. Paul had no duty to defend Dollar Phone in its New Jersey action. (*See* Defendant's Memorandum of Law in Support of its Motion for Summary Judgment ("Def. Mem."), Doc. Entry No. 63-17.) Dollar Phone opposed St. Paul's motion and cross-moved on its breach of contract claim. (*See* Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion and in Support of Plaintiffs' Motion for Summary Judgment ("Pl. Opp."), Doc. Entry No. 69-1.) The Court referred these motions to the Honorable Victor V. Pohorelsky, United States Magistrate Judge for the Eastern District of New York. On March 9, 2012, the magistrate judge issued a Report and Recommendation ("R & R"), recommending that the Court grant St. Paul's motion

1

and dismiss the complaint in its entirety. (*See* R & R, Doc. Entry No. 77.) Dollar Phone filed a timely objection to the R & R. (*See* Plaintiffs' Objection ("Pl. Obj."), Doc. Entry No. 78.) For the reasons set forth below, the R & R is adopted in its entirety.

## DISCUSSION

When a party objects to a R & R, a district judge must make a *de novo* determination with respect to those portions of the R & R to which the party objects. *See* FED. R. CIV. P. 72(b); *United States v. Male Juvenile*, 121 F. 3d 34, 38 (2d Cir. 1997). If, however, a party makes conclusory or general objections, or attempts to relitigate the party's original arguments, the court will review the R & R for clear error. *See Robinson v. Superintendent, Green Haven Correctional Facility,* 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)). The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

In recommending that this Court grant summary judgment in St. Paul's favor, thereby dismissing the complaint, the magistrate judge concluded that: (1) the claims asserted against Dollar Phone in the New Jersey action did not constitute advertising injury claims, and, thus, did not qualify for coverage or defense under the advertising injury defense provision, (2) even if the claims asserted against Dollar Phone were valid advertising injury claims, St. Paul could have denied coverage and defense under the "poor quality" exclusion to the advertising injury defense provision, (3) no other exclusions to the advertising injury defense provision would have supported St. Paul's decision to deny coverage and defense, (4) St. Paul properly denied coverage and defense of the New Jersey action under the trade law exclusion to the policy's errors and omissions provision, and (5) St. Paul's denial of defense and coverage of Dollar

2

Phone in the New Jersey action did not violate New York General Business Law § 349. (*See generally*, R & R.)

Dollar Phone's objection is limited to challenging the R & R's first, second, and fourth conclusions. Notably, Dollar Phone's objections raise the same arguments supported by the same legal authority it submitted in its original summary judgment brief. Thus, the Court conducted a clear error review of the R & R. In doing so, the Court reviewed the original submissions, Dollar Phone's objections, and the relevant legal authority. The Court hereby concludes that it need not reiterate the magistrate judge's exceptionally thorough and well-reasoned legal analysis set forth in his R & R and that the magistrate judge correctly reached each conclusion. Dollar Phone's objections are denied and the R & R is adopted in its entirety.

## CONCLUSION

Upon due consideration, and after finding no clear error, the R & R is adopted in its entirety. Accordingly, St. Paul's motion for summary judgment is granted and Dollar Phone's cross-motion for summary judgment is denied. The complaint is dismissed in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2012

                                                           /s/
                                          DORA L. IRIZARRY
                                    United States District Judge